UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT O. ROBERTSON, JR., | ) | CASE NO.: 1:19CV371 |
| Petitioner, | ) ) ) | JUDGE JOHN ADAMS |
| | ) ) ) | |
| ACTING WARDEN PRITCHARD, | ) | **ORDER AND DECISION** |
| Defendant. | ) ) ) | |

    This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Herbert Robertson, Jr. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

    Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R in this matter first concluded that Robertson's claim that the detective investigating his crime gave false testimony had been procedurally defaulted. In his objections, Robertson effectively concedes this default, but he argues that the default should be excused because his state court counsel was ineffective. The R&R resolved this argument:

> However, claims of ineffective assistance of counsel cannot provide cause for the procedural default of another claim if the ineffective assistance claim itself is procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Although "that procedural default may [] itself be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to that claim." Id. (emphasis original). Here, Robertson procedurally defaulted any claim of ineffective assistance of trial or appellate counsel. He did not raise a claim of ineffective assistance of trial or appellate counsel in his direct appeal or through the filing of an Ohio App. R. 26(B) application and he has not argued or demonstrated cause and prejudice to overcome his procedural default of a claim of ineffective assistance of counsel. Thus, Robertson cannot demonstrate "cause" necessary to avoid his procedural default of Ground One.

Doc. 20 at 17. Robertson has not identified any error in this analysis. Moreover, as the record reflects that Robertson never presented an ineffective assistance of counsel claim to the state court and has wholly failed to demonstrate cause and prejudice related to such a claim, the R&R correctly concluded that his first claim for relief was procedurally defaulted.

The R&R founds that Robertson's second ground for relief, that his conviction was against the manifest weight of the evidence, was not cognizable in a federal habeas proceeding. Robertson has not attacked this finding in any manner. Instead, Robertson again reiterates that he seeks to raise numerous other arguments. These arguments, however, are foreclosed. As the R&R properly noted, Robertson did not raise them until his traverse (or later supplements). They are therefore not properly before this Court.

Robertson's objections lack merit. The R&R is hereby ADOPTED IN WHOLE, and Robertson's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


September 29, 2020                                     /s/ John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE